THE PEOPLE OF THE STATE OF ILLINOIS, *ex rel.*
JAMES C. THOMPSON,

*v.*

JOHN COVER, County Clerk of Jackson County.

1. MANDAMUS—*of the jurisdiction—where there is another adequate remedy.* The rule is firmly established, that where there is another adequate remedy.

available to the party, by which he can obtain relief, a court will not award the writ of *mandamus*. It is only in cases where a party has a right and no other remedy has been provided, that *mandamus* lies.

2. So, where the votes cast at an election for sheriff have been duly canvassed, and a certificate of election issued to the person declared elected, a writ of *mandamus* will not be awarded to compel the county clerk to issue a certificate of election to another person who claims to have been elected instead of the one to whom the certificate has been issued; as in such case, the party asking the writ of *mandamus* has an adequate remedy under the statute providing the mode for contesting the election.

This was a PETITION FOR MANDAMUS, and an original proceeding in this court.

The opinion presents all the facts alleged as grounds for the issuance of the writ.

Messrs. ALLEN & WEBB and Messrs. MULKEY, WALL & WHEELER, for the relator.

Mr. THOMAS G. ALLEN, for the respondent.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This is an original proceeding in this court. The relator filed his petition in the name of the people, against respondent, in which he prays that a writ of *mandamus* may issue to compel respondent, as county clerk of Jackson county, to issue a certificate to relator, who claims to have been elected sheriff of that county on the 3d day of last November. The petition by consent is taken as an alternative writ, and to it respondent filed his return. In it he admits that he is clerk, as stated in the petition; that the election was held, and that within seven days thereafter the poll books were returned to his office, and being assisted by two justices of the peace of the county, they proceeded to open and canvass the vote cast at that election for sheriff of the county.

That upon opening the returns from the several precincts of the county, the returns from two of them were informal, and for that reason were not counted in the canvass of the vote. That after casting them out, the votes returned from the remaining precincts showed that Gilbert J. Burr had more votes than relator, and certificate of election was given to Burr. That he had been commissioned, had qualified, and was then acting as sheriff of the county. That after Burr had been commissioned, relator had served a notice upon him that he would contest the election and his right to hold the office; that a trial was had before three justices of the peace in the mode prescribed by the statute, which had resulted in favor of Burr, and against relator for costs.

That from that judgment relator removed the case by appeal to the Circuit Court of Jackson county, which is still pending and undetermined in that court. To this return relator has filed a demurrer, which presents the various questions which have been argued on the trial.

We consider but one question presented by the demurrer as necessary for discussion, as it is conclusive of the case, and that is, whether this court can assume original jurisdiction to hear this application. The rule is firmly established, that where a party has another adequate remedy by which he can obtain relief, a court will not issue the writ of *mandamus*. It is only in cases where a party has a right, and the law has provided no other remedy, that *mandamus* lies. It then follows that if the relator in this case has a complete remedy by statutory or other legal forms, he cannot have the relief sought.

In the case of *The People ex rel.* v. *Warfield*, 20 Ill. 160, where a bill in chancery had been filed for relief in the case of an election to determine the location of a county seat, it was held that *mandamus* would not lie. We there said, " we leave the question, therefore, to be settled by that court, which has every facility for purging the poll books and ascertaining all the facts upon which a correct decision necessarily depends.";

Again, in the case of *The People ex rel.* v. *Wiant*, 48 Ill. 263, that case was approved, and the same doctrine applied.

These cases, therefore, govern this, as relator has a complete remedy under the statute. And, as was said in the cases above referred to, the circuit court has rightfully acquired jurisdiction of the case, and has ample power to do complete justice in the premises, and we must refuse to take jurisdiction or to award a peremptory writ.

*Mandamus refused.*